**Bucci, Antoinette M.**

| | |
|---|---|
| **From:** | Jaclyn DiPaola <jaclyn@pghfirm.com> |
| **Sent:** | Thursday, December 3, 2020 2:25 PM |
| **To:** | Sember Izsak, Rebecca |
| **Cc:** | Noah Fardo; Bill Rogel |
| **Subject:** | A.N. v. Walmart et al. |
| **Attachments:** | Matty Complaint Final 12-3-2020.pdf |

Hello Rebecca,

Attached please find our Complaint in Civil Action for the above-referenced matter which is being sent for filing today.

Do you need a copy of this mailed to you or will this email suffice? Please confirm either way.

Thank you,
Jaclyn


--



**Jaclyn M. DiPaola, Esq.**

812 Ivy Street |  Shadyside | Pittsburgh, PA 15232
Phone: 412.802.6666  | Fax: 412.802.6667
website: www.Pghfirm.com

Twitter • Facebook • YouTube

COVID-19 REQUEST: Flaherty Fardo Rogel & Amick, LLC remains open and operating but will only communicate through video-conferencing, telephone and/or email at this time. We ask that you do not mail, hand deliver, or send documents by way of expedited courier (e.g. UPS, FedEx, etc.) to our firm.  We will extend the same courtesy. If you are worried about protected information, you may email us at info@pghfirm.com with a ShareFile request. Please stay safe and healthy.

This e-mail message and any files attached are subject to confidential attorney-client privilege. If you have received this e-mail in error, please notify the sender immediately and destroy the original message without making a copy. Any review, disclosure, copying, distribution or any action or reliance based on this message is prohibited by law. Please also be advised that in compliance with the FDCPA, Flaherty Fardo Rogel & Amick, LLC is deemed a debt collector and any and all information received will be used for that purpose. Thank you.



Exhibit E

1

## IN THE COURT OF COMMON PLEAS OF FAYETTE COUNTY, PENNSYLVANIA

| | |
|---|---|
| A.N., a minor, by and through Carissa Matty, parent and natural guardian, | : CIVIL DIVISION |
| Plaintiff, | : Case No.: 1777 of 2020 GD |
| v. | : **COMPLAINT IN CIVIL ACTION** |
| | : Code: |
| WAL-MART STORES, INC., a Delaware corporation, and WAL-MART REAL ESTATE BUSINESS TRUST, a Delaware statutory trust, jointly and severally, | |
| Defendants. | |

Filed on behalf of Plaintiff

Counsel of Record for this Party:

FLAHERTY FARDO ROGEL & AMICK, LLC.
Firm I.D. # 527

Noah Paul Fardo, Esquire
PA I.D. # 83848

William F. Rogel, Esquire
PA I.D. # 203348

Jaclyn M. DiPaola, Esquire
PA I.D. # 322531

812 Ivy Street | Shadyside
Pittsburgh, PA 15232
Telephone No.:   (412) 802-6666
Fax No.:         (412) 802-6667
Email:           info@pghfirm.com

## IN THE COURT OF COMMON PLEAS OF FAYETTE COUNTY, PENNSYLVANIA

| | |
|---|---|
| A.N., a minor, by and through Carissa Matty, parent and natural guardian, | : CIVIL DIVISION |
| Plaintiff, | : Case No.: 1777 of 2020 GD |
| v. | : **COMPLAINT IN CIVIL ACTION** |
| WAL-MART STORES, INC., a Delaware corporation, and WAL-MART REAL ESTATE BUSINESS TRUST, a Delaware statutory trust, jointly and severally, | : Code: |
| Defendants. | |

### NOTICE

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Pennsylvania Lawyer Referral Service
Pennsylvania Bar Association
100 South Street
PO Box 186
Harrisburg, PA 17105
1-800-692-7375

**IN THE COURT OF COMMON PLEAS OF FAYETTE COUNTY, PENNSYLVANIA**

| | |
|---|---|
| A.N., a minor, by and through Carissa Matty, parent and natural guardian, | : CIVIL DIVISION : : |
| Plaintiff, | : Case No.: 1777 of 2020 GD : |
| v. | : : **COMPLAINT IN CIVIL ACTION** : |
| | : Code: : |
| WAL-MART STORES, INC., a Delaware corporation, and WAL-MART REAL ESTATE BUSINESS TRUST, a Delaware statutory trust, jointly and severally, | : : : : |
| Defendants. | : |

**COMPLAINT IN CIVIL ACTION**

AND NOW comes Plaintiff, A.N. by Carissa Matty, by and through their legal counsel, Flaherty Fardo Rogel and Amick, LLC, and files the within Complaint in Civil Action, and in support thereof avers the following:

**PARTIES**

1. Plaintiff A.N. is a minor child and citizen of the Commonwealth of Pennsylvania, residing with Carissa Matty, who is a parent and legal guardian of A.N.

2. Defendant Wal-Mart Stores, Inc. is a Delaware corporation lawfully authorized to conduct business in the Commonwealth of Pennsylvania with its principal place of business located at 702 S.W. 8th Street, Bentonville, Arkansas 72716.

3. Defendant Wal-Mart Real Estate Business Trust is a statutory trust organized and existing under the laws of the State of Delaware lawfully authorized to conduct business in the Commonwealth of Pennsylvania with a principal place of business located at 2001 S.E. 10th Street, Bentonville, Arkansas 72712.

4. Defendant Wal-Mart Stores, Inc. and Defendant Wal-Mart Real Estate Business Trust shall hereinafter be referred to collectively as "Defendants."

5. Defendants own, manage, maintain, and operate a store at 355 Walmart Drive, Uniontown, PA 15401.

**FACTUAL BACKGROUND**

6. On November 7, 2015, Plaintiff A.N. and his/her mother were business invitees at the Defendants' store located at 355 Walmart Drive, Uniontown, PA 15401.

7. Upon information and belief, it is averred that the physical premises was at all times relevant owned by Defendant Wal-Mart Real Estate Business Trust.

8. Upon information and belief, it is averred that Defendant Wal-Mart Stores, Inc. operates the Wal-Mart store located on the premises.

9. Upon information and belief, it is believed and averred that both Defendants are in possession of and/or exercise control over the premises, and so both are jointly and severally liable to Plaintiff in the instant matter.

10. On November 7, 2015, Plaintiff was walking in a carefully and prudent way in the aisle/area where yogurt was sold when suddenly, and without warning, Plaintiff slipped on yogurt that had been spilled onto the floor.

11. At all times relevant hereto, Plaintiff acted with due care, attention, and regard for Plaintiff's own safety and well-being.

12. Defendants were, or in the exercise of reasonable care should have been, aware that yogurt spilled onto the floor which was devoid of proper cautionary signage and clean-up for an unreasonably long time, more likely than not, could create a dangerous condition to business invitees in the store, such as Plaintiff.

13. Upon information and belief, it is averred that employees and/or agents of Defendants were in fact aware of the spilled yogurt prior to Plaintiff's fall.

14. Upon information and belief, it is averred that employees and/or agents of Defendants may have spilled the yogurt in question.

15. In any case, upon information and belief it is averred that the yogurt on which Plaintiff slipped and fell was present on the floor of the Walmart store for a sufficiently long period of time that the Defendants may be properly charged with knowledge of same.

16. Furthermore, Defendants had actual knowledge of prior incidents wherein yogurt or other liquids were spilled on the floor in customer areas and, specifically, the area where Plaintiff fell, and the unreasonably dangerous condition that such spills constitute.

17. Nevertheless, Defendants failed to exercise reasonable care to prevent or reduce the likelihood of such spills, to use materials to decrease the danger posed by such spills, to discover the spill in question, to adequately warn Plaintiff and other customers of the spill, and/or to promptly clean up or otherwise remedy the dangerous condition.

18. The result is an obvious and known likelihood that business invitees will end up slipping on the spilled yogurt, sustaining injuries.

19. Plaintiff did slip on the spilled yogurt and fell to the floor.

20. As a result of the slip, Plaintiff sustained serious injuries, including but not limited to:

    a. Forefoot supinatus of the right lower extremity;

    b. Pes planus of the right lower extremity;

    c. Hallux abductovalgus of the right lower extremity;

    d. Salter-Harris fracture of right distal tibia;

    e. Scarring and permanent disfigurement;

    f.    A limp which may be permanent in nature;

    g.    Injury with damage to the bones, joints, ligaments, tendons, nerves, muscles and/or soft tissues including stiffness, loss of range of motion, soreness, and pain;

    h.    Emotional pain and suffering, fear, shock, fright, embarrassment, mental anguish, anxiety, and loss of well-being; and

    i.    Other severe and/or permanent injuries.

21. Plaintiff has undergone numerous corrective surgeries to his/her right leg, ankle, and/or foot.

22. Plaintiff has already incurred medical bills and expenses as a result of the treatment sustained, such to be borne by his/her parent on his/her behalf.

23. Plaintiff will likely be required to undergo additional surgeries/treatment and will incur additional medical expenses, as he/she is soon reaching the age of majority.

24. Therefore, Plaintiff brings the instant action seeking an award of compensatory damages to the full extent allowed by applicable law.

## COUNT I:
## PREMISES LIABILITY—NEGLIGENCE
### *As to all Defendants*

25. All preceding paragraphs are incorporated herein by reference.

26. Defendants were at all times in possession of the premises, a Wal-Mart store that was open to the public for business purposes.

27. Plaintiff and Plaintiff's mother were on the premises for the purposes of Defendants' business and so were business invitees.

28. As such, Defendants owed Plaintiff the highest duty of care, an affirmative duty to protect a Plaintiff not only against known dangers but also against those which might be discovered with reasonable care.

29. Thus, at all times relevant, it was the duty of the Defendants to keep, maintain, monitor and supervise the aforementioned premises to provide a safe condition for invitees and other persons in the position of Plaintiff.

30. The fall, as abovementioned, was caused solely by the negligent acts and/or omissions of the Defendants, by their agents, servants, workmen, and/or employees in the course and scope of their employment and/or in furtherance of the business of the Defendants and was due in no manner whatsoever to any negligence on the part of the Plaintiff.

31. Defendants were negligent in one or more of the following ways, alone or in combination:

    a. In dropping, moving, carrying, storing, or otherwise causing or negligently allowing the yogurt, on which Plaintiff slipped and fell, to spill or to otherwise become present on the floor;

    b. In failing to establish a policy, procedure, or practice and schedule of inspections sufficient to discover the yogurt had been spilled within a reasonably prompt time;

    c. In failing to carry out any inspection at the time or in the manner required by any established policies, procedures, and/or practices;

    d. In failing to pay sufficient attention and/or take sufficient time during inspection(s), such that the spilled yogurt was not noticed;

e. In failing to be sufficiently attentive for the spill when in the area even for non-inspection purposes;

f. In, upon noticing the spilled yogurt, failing to promptly remedy the condition and/or allowing such condition to persist for an unreasonable period of time;

g. In, upon noticing the spilled yogurt, failing to promptly, repeatedly, and adequately warn Plaintiff and other patrons, by signage, verbally, or by any other means, of the presence of the dangerous, hazardous condition;

h. In failing to establish and enforce a policy, procedure, and/or practice for discovering and cleaning spills on the floor that included both prompt and adequate warnings and prompt remediation;

i. In failing to take actions in the handling, storage, display, and layout of the yogurt section/aisle/area to minimize the risk and/or frequency of spills;

j. In failing to inspect, maintain, and/or clean the area of the accident in a reasonable, adequate, and prudent manner;

k. In failing to have a plan, policy and/or procedure in place to inspect, maintain and/or clean the area of the fall in a reasonable, adequate, and prudent manner;

l. In failing to enforce, or otherwise adhere to, a plan, policy, and/or procedure for the inspection, cleaning, and maintenance;

m. In failing to apprehend the severity and frequency of the risk posed by spilled yogurt and other fluids and substances in the area of the dairy/yogurt aisle;

n. In failing to take reasonable measures to prevent or minimize recurrence or otherwise reduce and minimize the risk to customers posed by the spillage of

yogurt and other fluids and substances in the area of the dairy/yogurt aisle after experiencing prior spills and or prior slip and/or fall incidents;

o. In designing the store and laying out the shelves and merchandise so as to intentionally attract the visual attention of customers;

p. In failing to take additional care to account for the fact that customers' eyes are typically drawn to the merchandise in protecting them from slippery substances on the floor;

q. In failing to analyze, study, test, and examine and subsequently review the flooring materials used in the area of the dairy aisle to assess for the conspicuity and slipperiness of various spills, including of yogurt;

r. In failing to analyze, study, test, and install flooring that reduces and/or minimizes the risk of injury by customers who slip and/or fall on spilled substances, whether by increasing conspicuity of spills, increasing the coefficient of friction, decreasing the slipperiness of common spills, wicking or absorbing spills, and/or otherwise;

s. In failing to install, study, and/or consider the installation or placement of carpeting, rugs, mats, or other such materials on the floors in the area of the yogurt/dairy aisle(s);

t. In failing to warn Plaintiff and other patrons of the recurring danger of spills in the yogurt/dairy aisle(s);

u. In failing to provide extra inspection or increased safety measures in the yogurt/dairy aisle(s) aisle, a place in the store that is probable and known to have slippery substances and spills; and

  v. In otherwise failing to act with due care and reasonable prudence to prevent, discover, and remedy spills in the yogurt/dairy aisle(s) aisle when past experience at Wal-Mart stores should have alerted Defendants to the heightened danger.

32. Because of the foregoing negligent acts and/or omissions by Defendants, a dangerous condition persisted at the store.

33. A business invitee slipping, and thus being injured, was a reasonably foreseeable consequence of said dangerous condition.

34. Plaintiff did actually slip on the spilled yogurt on the floor.

35. As a direct and proximate result of Defendants' negligence, Plaintiff suffered severe injuries as follows:

  a. Forefoot supinatus of the right lower extremity;

  b. Pes planus of the right lower extremity;

  c. Hallux abductovalgus of the right lower extremity;

  d. Salter-Harris fracture of right distal tibia;

  e. Scarring and permanent disfigurement;

  f. A limp which may be permanent in nature;

  g. Injury with damage to the bones, joints, ligaments, tendons, nerves, muscles and/or soft tissues including stiffness, loss of range of motion, soreness, and pain;

  h. Emotional pain and suffering, fear, shock, fright, embarrassment, mental anguish, anxiety, and loss of well-being; and

  i. Other severe and/or permanent injuries.

36. As a direct and proximate result of the aforesaid negligence, Plaintiff sustained injuries and is entitled by law to recover for the following damages:

   a. Compensation for permanent disfigurement and physical injury to Plaintiff's body;
   b. Compensation expenses for medical treatment and services from the time of the surgery until the present and into the future;
   c. Compensation for past, present, and future physical pain and suffering;
   d. Compensation for discomfort, mental anxiety, loss of well-being, and the loss of enjoyment of life in the past, present, and future;
   e. Compensation for lost earnings and/or earning capacity in the past, present, and future.

WHEREFORE, Plaintiff A.N. by and through his/her parent and guardian, Carissa Matty, requests the entry of judgment in Plaintiff's favor and against Defendants Wal-Mart Stores, Inc. and Wal-Mart Real Estate Business Trust, jointly and severally, and an award of compensatory damages in an amount in excess of the limits of compulsory arbitration, plus costs of suit, applicable interest, damages for delay, and such other or additional relief as this Honorable Court may deem appropriate.

Respectfully submitted,

**FLAHERTY FARDO ROGEL & AMICK, LLC**

Date: 12/3/2020    By: _____
Noah Paul Fardo, Esq.
William F. Rogel, Esq.
Jaclyn M. DiPaola, Esq.
Attorneys for Plaintiff

IN THE COURT OF COMMON PLEAS OF FAYETTE COUNTY, PENNSYLVANIA

| | |
|---|---|
| A.N., a minor, by and through Carissa Matty, parent and natural guardian, | : CIVIL DIVISION |
| Plaintiff, | : Case No.: 1777 of 2020 GD |
| v. | : COMPLAINT IN CIVIL ACTION |
| WAL-MART STORES, INC., a Delaware corporation, and WAL-MART REAL ESTATE BUSINESS TRUST, a Delaware statutory trust, jointly and severally, | : Code: |
| Defendants. | |

## VERIFICATION

I, Carissa Matty, parent and natural guardian of Plaintiff, aver that the statements contained in the attached Complaint in Civil Action are true and correct to the best of my information, knowledge and belief, and are made subject to the penalties of 18 Pa. Cons. Stat. Ann. § 4904 relating to the unsworn falsification to authorities.

Date: 11/23/20

_Carissa Matty_
Carissa Matty

IN THE COURT OF COMMON PLEAS OF FAYETTE COUNTY, PENNSYLVANIA

| | |
|---|---|
| A.N., a minor, by and through Carissa Matty, parent and natural guardian, | : CIVIL DIVISION |
| Plaintiff, | : Case No.: 1777 of 2020 GD |
| v. | : **COMPLAINT IN CIVIL ACTION** |
| WAL-MART STORES, INC., a Delaware corporation, and WAL-MART REAL ESTATE BUSINESS TRUST, a Delaware statutory trust, jointly and severally, | : Code: |
| Defendants. | |

**CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Respectfully Submitted,

**FLAHERTY FARDO ROGEL & AMICK, LLC**

DATED: 12/3/2020        BY: _____
                                               Jaclyn M. DiPaola, Esquire
                                               Attorney for Plaintiff

## IN THE COURT OF COMMON PLEAS OF FAYETTE COUNTY, PENNSYLVANIA

| | |
|---|---|
| A.N., a minor, by and through Carissa Matty, parent and natural guardian, | : CIVIL DIVISION |
| Plaintiff, | : Case No.: 1777 of 2020 GD |
| v. | : **COMPLAINT IN CIVIL ACTION** |
| WAL-MART STORES, INC., a Delaware corporation, and WAL-MART REAL ESTATE BUSINESS TRUST, a Delaware statutory trust, jointly and severally, | : Code: |
| Defendants. | |

### CERTIFICATE OF SERVICE

I, Jaclyn M. DiPaola, Esq., hereby certify that a true and correct copy of the foregoing Complaint in Civil Action was served this _3rd_ day of _Dec._, 2020, via email only upon the following:

> Rebecca Sember Izsak
> Thomas Thomas & Hafer, LLP
> rsember@tthlaw.com

> Jaclyn M. DiPaola, Esq.
> Attorney for Plaintiff